## Case No. 2,689.

### The C. H. NORTHAM. .

### [7 Ben. 249.][1]

### District Court, E. D. New York. March, 1874.[2]

NAVIGATION—NEGLIGENCE—DAMAGES FROM SWELL.

1. Where a steamboat passed a tow of boats in a narrow channel without much reduction of speed, and a boat in the tow was damaged by a blow from another boat in the tow, caused by the swell of the passing boat; *Held,* that the steamboat was bound to know the depth of water, and whether her swell would endanger the tow.

[Cited in The Daniel Drew, Case No. 3,-565; The Drew, 22 Fed. 855.]

2. That her right to pass at a given place depended on her ability to do so without causing injury.

[Cited in The Drew, 22 Fed. 855.]

3. That the attempt to pass when she did was negligence.

4. That the passing at such speed was negligence, and enough of itself to render the boat liable for the damages.

[Cited in The Daniel Drew, Case No. 3,-565.]

In admiralty.

Wilcox & Hobbs, for libellant.

Owen, Nash & Gray, for claimants.

---

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [Affirmed in Case No. 2,690.]

BENEDICT, District Judge. This action, which is said to be novel in the admiralty courts of this country, is brought by the owner of the canal-boat T. F. Sheehy, to recover of the steamboat C. H. Northam, damages caused to the canal-boat by the swell made by the C. H. Northam in passing.

The weather, at the time, was fine, and there was no sea. The canal-boat was passing up the harbor to New Haven, in tow of the tug Gladwich. The tow consisted of five boats, arranged three in the first tier and two in the second. The T. F. Sheehy was the middle boat in the first tier. When the tow was passing the narrow part of the harbor, about opposite Fort Hall, the Northam, a large side-wheel steamboat, bound in the same general direction, passed the tow on the east side. As she passed, her suction first caught the tow and dragged back the canal-boats in the stern tier so forcibly as to break some of the lines, and then the following swell drove the boats ahead upon the sterns of the boats in the first tier. The suction and swell were unusual and beyond the power of ordinary tows to withstand. The libellants' boat was so injured by the blow delivered on her stern by the canal-boat which was behind her in the last tier, that it was necessary to remove her at once from the tow and beach her on the shore. For the damages thus caused this action is brought against the C. H. Northam.

The following conclusions of fact are not open to question upon the evidence. The injury complained of was caused by the suction and swell made by the steamboat as she passed the tow. No negligence on the part of the canal-boat injured, or of the tug towing her, conduced to this injury. The character of the tow, its position and course were known to the steamboat as she approached from behind. No other vessels were near her, nor was there any circumstance connected with the navigation of that harbor which made it necessary for the steamboat to pass the tow where she did. It was within the power of the steamboat, not only by waiting to pass the tow at a less dangerous point, but by slowing her speed to pass where she did without endangering the tow.

These conclusions are sufficient for a determination of this case, and they point irresistibly to a decree in favor of the libellant. For the C. H. Northam is chargeable with a knowledge of the depth of the water and of the amount of suction and swell she would create by passing in such water. She was the following boat, and if she desired to pass the tow it was incumbent upon her to do it at such a place and in such a manner as to cause no injury to the tow by her swell. Her right to pass the tow where she did was dependent upon her ability to pass without causing injury. If she could not pass in that place without causing injury by her swell, she was bound to wait until beyond the narrow place, and the attempt to pass when she did was negligence. If, on the other hand, by going slower than she did, she could pass where she did without causing a dangerous swell, then it was negligence to maintain the speed she did in passing. It seems clear, from the evidence, that the C. H. Northam could have passed the tow at this point in safety, and that without reducing her speed beyond what would be necessary to give her steerage way and carry her by the tow. This neglect to reduce her speed is, of itself, sufficient to render her liable for the damages which ensued. Let a decree be entered in favor of the libellant, with an order of reference.

[NOTE. The claimant appealed to the circuit court, where the decree was affirmed. See Case No. 2,690.]